|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | DAVID BURNS, | Case No.: 3:18-cv-00231-MMD -WGC |
| 4 | Plaintiff, | **Order** |
| 5 | v. | Re: ECF No. 24 |
| 6 | JESSE COX, et al., | |
| 7 | Defendants. | |

Plaintiff has filed a motion to amend his complaint and proposed amended complaint (ECF Nos. 24, 24-1). Defendants filed a notice indicating that they do not oppose the motion. (ECF No. 25.)

Plaintiff, who is in the custody of the Nevada Department of Corrections (NDOC), filed a pro se civil rights complaint under 42 U.S.C. § 1983. A global mediation was held to attempt to resolve three of Plaintiff's lawsuits, but was unsuccessful. The court then screened his original complaint and allowed him to proceed with the following claims: (1) a Fourteenth Amendment due process claim in Count I against Schmidt and Oxborrow based on allegations that Plaintiff was placed in administrative segregation for four months without a review and under conditions constituting an atypical and significant hardship; and (2) an Eighth Amendment conditions of confinement claim in Count II against Williams, Isenbergh, Deshane, Rose and Boon-Sharp based on allegations that while in administrative segregation the noise from mentally ill inmates housed in the unit caused Plaintiff to suffer excruciating headaches and sleep deprivation which these defendants knew of and failed to prevent. Count III, naming defendants Healer and Clay, was dismissed. (Screening Order, ECF No. 21.)

On August 12, 2019, Plaintiff filed this motion seeking leave to amend, and his proposed amended complaint. (ECF Nos. 24, 24-1.)

Under Federal Rule of Civil Procedure 15(b), leave to amend should be freely given when required by justice. Given that Defendants had not yet filed an answer when Plaintiff filed this motion, and they have indicated they do not oppose the amendment, Plaintiff's motion to amend is granted. The court must still screen the complaint under 28 U.S.C. §§ 1915 and 1915A. The standards for screening are set forth in the original screening order, ECF No. 21.

Plaintiff's proposed amended complaint omits Count III, which was dismissed on screening of the original complaint. In addition, it re-asserts Counts I and II, but adds allegations to the due process claim in Count I against Sandoval, Southworth and Filson. The court has reviewed the allegations, and finds that Plaintiff states a colorable due process claim against these additional defendants because he alleges that these defendants knew, via a grievance, that Plaintiff was not given a due process hearing after being placed in administrative segregation but failed to act to remedy the situation.

The amended complaint names Healer and Clay. It appears this was an oversight to include them because they were dismissed in the original screening order and the proposed amended complaint includes no claims or allegations against them.

## **CONCLUSION**

(1) Plaintiff's motion to amend (ECF No. 24) is **GRANTED**.

(2) The Clerk shall **FILE** the amended complaint (ECF No. 24-1).

(3) The amended complaint shall proceed with the following claims: (a) the Fourteenth Amendment due process claim in Count I against Filson, Oxborrow, Sandoval, Schmidt, and Southworth; (b) the Eighth Amendment conditions of confinement claim in Count II against Boon-

Sharp, Cox, Deshane, Isenbergh, Rose and Williams. Defendants Healer and Clay will remain dismissed from this action.

(4) Within **21 days** of the date of this Order, the Attorney General's Office must file a notice advising the court and Plaintiff whether it will accept service for Filson, Sandoval, and Southworth. If it does not accept service for these defendants, it must file under seal, but not serve Plaintiff, their last known addresses. If the last known address is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es). If service cannot be accepted for any of these defendants, Plaintiff must file a motion identifying the unserved defendant(s), requesting issuance of a summons, and if the Attorney General has not provided a last known address under seal, then Plaintiff must provide the full name and address for the defendants.

(5) Within **45 days** of the date of this Order, any defendants for whom the Attorney General has accepted service must file and serve an answer or other responsive pleading to the amended complaint.

**IT IS SO ORDERED**.

Dated: August 27, 2019.

William G. Cobb
United States Magistrate Judge