UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID BURNS, | Case No.: 3:18-cv-00231-MMD-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF No. 39 |
| JESSE COX, et. al., | |
| Defendants | |

Before the court is Plaintiff's Request for Leave to Amend (ECF No. 39) and proposed third amended complaint (ECF No. 39-1).

Plaintiff, who is in the custody of the Nevada Department of Corrections (NDOC), filed a pro se civil rights complaint under 42 U.S.C. § 1983. A global mediation was held to attempt to resolve three of Plaintiff's lawsuits, but was unsuccessful. The court then screened his original complaint and allowed him to proceed with the following claims: (1) a Fourteenth Amendment due process claim in Count I against Schmidt and Oxborrow based on allegations that Plaintiff was placed in administrative segregation for four months without a review and under conditions constituting an atypical and significant hardship; and (2) an Eighth Amendment conditions of confinement claim in Count II against Williams, Isenbergh, Deshane, Rose and Boon-Sharp based on allegations that while in administrative segregation the noise from mentally ill inmates housed in the unit caused Plaintiff to suffer excruciating headaches and sleep deprivation which these defendants knew of and failed to prevent. Count III, naming defendants Healer and Clay, was dismissed. (Screening Order, ECF No. 21.)

On August 12, 2019, Plaintiff filed his motion seeking leave to amend, and his proposed amended complaint. (ECF Nos. 24, 24-1.) The proposed amended complaint omitted Count III, and added defendants and allegations to the due process claim in Count I. Specifically, it alleged that Sandoval, Southworth and Filson also violates his due process rights because they knew, via grievance, that Plaintiff was not given a due process hearing after being placed in administrative segregation but failed to act to remedy the situation. The court granted Plaintiff leave to amend to add these defendants and allegations. The court noted that the amended complaint continued to name defendants Healer and Clay, who were dismissed from the original complaint; and, because the amended complaint included no claims or allegations against them the court ordered that they remained dismissed. In sum, the court ordered that the amended complaint be filed and proceed with the following claims: (a) the Fourteenth Amendment due process claim in Count I against Filson, Oxborrow, Sandoval, Schmidt, and Southworth; (b) the Eighth Amendment conditions of confinement claim in Count II against Boon-Sharp, Cox, Deshane, Isenbergh, Rose and Williams.

On September 30, 2019, Plaintiff filed a Request for Leave to Amend and proposed third amended complaint. (ECF Nos. 39, 39-1.) Plaintiff merely seeks to amend his request for relief.

Under Federal Rule of Civil Procedure 15(b), leave to amend should be freely given when required by justice. Given that this case is still in the early stages, the court finds leave to amend is appropriate. The court does point out that Plaintiff titles his proposed amendment the third amended complaint, when in reality it should be the second amended complaint (as there is only an original and first amended complaint on file). In addition, like the amended complaint, the proposed amendment omitted Healer, but still names Clay as a defendant and there are no allegations against Clay.

## CONCLUSION

(1) Plaintiff's motion to amend (ECF No. 39) is **GRANTED**. The proposed amended complaint, though titled the third amended complaint, is actually the second amended complaint.

(2) The Clerk shall **FILE** the second amended complaint (ECF No. 39-1).

(3) The second amended complaint shall proceed with the following claims: (a) the Fourteenth Amendment due process claim in Count I against Filson, Oxborrow, Sandoval, Schmidt, and Southworth; (b) the Eighth Amendment conditions of confinement claim in Count II against Boon-Sharp, Cox, Deshane, Isenbergh, Rose and Williams. Defendants Healer and Clay will remain dismissed from this action.

(4) Within **21** days of the date of this Order, Defendants who have appeared must file an answer or otherwise respond to the second amended complaint.

(5) Service was not previously accepted on behalf of defendants Timothy Filson and Michael Oxborrow, however, the Attorney General has filed the last known address of these defendants under seal. (ECF No. 35.) The Clerk has already issued summonses for Filson and Oxborrow. The Clerk shall **SEND** two copies of the second amended complaint (ECF No. 39-1) and two copies of this order to the U.S. Marshal for service on the defendants. The Clerk should already have sent Plaintiff the two USM-285 forms, and Plaintiff shall still complete and return those forms by **October 18, 2019**.

**IT IS SO ORDERED**.

Dated: October 2, 2019

William G. Cobb
United States Magistrate Judge