UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID BURNS,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>JESSE COX, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:18-cv-00231-MMD-WGC<br><br>ORDER |

Plaintiff David Burns, who is in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 83), recommending that the Court deny Defendants' motion for partial summary judgment ("Motion") (ECF No. 74), and dismiss Defendant Timothy Filson under Federal Rule of Civil Procedure 4(m). Defendants had until June 22, 2020 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R and will both deny Defendants' Motion, and dismiss Defendant Filson.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* But where a party fails to object to a magistrate's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo

review of the magistrate judges' findings and recommendations is required if, but *only if*, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

While Defendants have failed to object to Judge Cobb's recommendation to deny their motion for partial summary judgment, the Court will conduct a *de novo* review to determine whether to adopt the R&R. Judge Cobb found that Plaintiff has created a disputed issue of material fact as to whether the conditions he was subjected to in being moved to Unit 2 created an atypical and significant change to his conditions of confinement. (ECF No. 83 at 11.) Judge Cobb further found Defendants are not entitled to summary judgment based on qualified immunity. (*Id.* at 15.) Having reviewed the R&R, the Complaint and Defendants' Motion, the Court agrees with Judge Cobb.

In addition, as the Court will adopt the R&R, the dispositive motion deadline has passed, Plaintiff has expressed his interest in a settlement conference (ECF No. 86), and it has been some time since the parties last participated in a settlement conference, the Court finds it appropriate to refer this case to Judge Cobb to conduct a settlement conference. The joint pretrial order will be due 30 days after the date of the settlement conference if the case does not settle.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 83) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 74) is denied.

It is further ordered that Defendant Timothy Filson is dismissed under Fed. R. Civ. P. 4(m).

///

///

It is further ordered this case is referred to Judge Cobb to conduct a settlement conference. If this case does not settle at the settlement conference, the Joint Pretrial Order will be due 30 days after the date of the settlement conference. The existing scheduling order (ECF No. 55) otherwise remains in full force and effect.

DATED THIS 29th day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE